OPINION
{¶ 1} Defendant-appellant Kenneth A. Kincer appeals from his conviction and sentence, following a no-contest plea, for driving under the influence of alcohol or drugs. Kincer contends that the trial court erred in overruling his motion to suppress the results of the field sobriety tests administered to him, because there is no evidence that the tests were performed in strict compliance with the National Highway Transportation Safety Agency (NHTSA) standards, nor is there any evidence as to what the NHTSA standards are. The State concedes that the field sobriety tests were not administered in strict compliance with NHTSA standards and should not have been admissible. However, the State contends that probable cause existed, separate from the results of the field sobriety tests, based on substantial evidence that was present.
 {¶ 2} We conclude that evidence existed, apart from the results of the field sobriety tests, to establish probable cause to arrest Kincer, so that the trial court properly overruled Kincer's motion to suppress evidence obtained from an unlawful arrest. However, even though there is an independent basis to find probable cause for Kincer's arrest, we further conclude that the trial court's overruling of Kincer's motion to suppress the results of the field sobriety tests is error, because the findings of the field sobriety tests are inadmissible as evidence of Kincer's guilt of the offense with which he was charged.
 {¶ 3} Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
 I {¶ 4} In November, 2002, Kenneth A. Kincer was observed swerving in and out of lanes of traffic in his vehicle and driving into a ditch on the side of the roadway. A witness called the police, and the police arrived at the scene shortly thereafter. Police officers observed that Kincer had red, blood-shot eyes that were watery, that his speech was slurred, and that his clothes were in disarray. Police officers also observed that Kincer had difficulty standing and struggled to get his wallet out and locate his driver's license. Kincer agreed to submit to standardized field sobriety tests, which were then administered to Kincer. The police officers at the scene concluded that Kincer had failed the field sobriety tests, and that Kincer's ability to drive was impaired by alcohol or drugs. Kincer was arrested and charged with driving while under the influence of alcohol or drugs, in violation of R.C.4511.19(A)(1), and operating a motor vehicle without reasonable control, in violation of R.C. 4511.202.
 {¶ 5} Kincer filed a motion to suppress evidence obtained from his unlawful arrest. Following an evidentiary hearing, the trial court overruled Kincer's motion to suppress. Kincer then entered into a plea bargain whereby he pled no contest to driving under the influence of alcohol or drugs, and the State dismissed the companion charge of operating a motor vehicle without reasonable control. The trial court entered a conviction for driving under the influence of alcohol or drugs, and Kincer was sentenced accordingly. From his conviction and sentence, Kincer appeals.
 II {¶ 6} Kincer's sole Assignment of Error is as follows:
 {¶ 7} "THE TRIAL COURT ERRED BY NOT SUPPRESSING THE FINDINGS OF THE FIELD SOBRIETY TEST GIVEN TO MR. KINCER, SINCE THERE WAS NO EVIDENCE THAT THE POLICE COMPLIED STRICTLY WITH THE NATIONAL HIGHWAY TRANSPORTATION SAFETY AGENCY (NHTSA) STANDARDS NOR ANY EVIDENCE AS TO WHAT ARE THE NHTSA STANDARDS."
 {¶ 8} Kincer contends that the trial court erred in overruling his motion to suppress the findings of the field sobriety tests administered to him, since there is no evidence that the tests were performed in strict compliance with the National Highway Transportation Safety Agency (NHTSA) standards nor any evidence as to what the NHTSA standards are. The State concedes that the field sobriety tests were not administered in strict compliance with NHTSA standards and should not have been admissible. However, the State contends that probable cause existed, separate from the results of the field sobriety tests, based on substantial evidence that was present.
 {¶ 9} "[I]n order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." State v. Homan, 89 Ohio St.3d 421, 424, 2000-Ohio-212,732 N.E.2d 952. "While field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where . . . the test results must be excluded for lack of strict compliance." Id. at 427. "In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. In making this determination, we . . . examine the `totality' of facts and circumstances surrounding the arrest." Id. (internal citations omitted).
 {¶ 10} We now will examine the totality of facts and circumstances surrounding Kincer's arrest. A witness observed Kincer swerving in and out of traffic in his vehicle and driving into a ditch on the side of the roadway. When the witness pulled off of the highway and approached Kincer's vehicle, she observed that Kincer was slurring his speech, yelling and acting upset and belligerent. The witness called the police, and the police arrived at the scene shortly thereafter.
 {¶ 11} Officer James Emmons was dispatched based on numerous calls from different citizens that a DUI driver was driving recklessly. When Officer Emmons arrived at the scene, the witness relayed her observations to him. The witness informed Officer Emmons that Kincer had been driving recklessly and weaving in and out of traffic. Officer Emmons then relayed this information to the other police officers who arrived at the scene.
 {¶ 12} When Officer Emmons approached Kincer's vehicle, he observed Kincer dozing. When Kincer stepped out of his vehicle, Officer Emmons observed that Kincer had red blood-shot eyes that were watery and that his clothes were in disarray. Although Officer Emmons detected no odor of alcohol, he observed that Kincer had difficulty standing and struggled to get his wallet out and locate his driver's license.
 {¶ 13} Officer William Herman also arrived at the scene and observed that Kincer was unsteady on his feet and slurring his words. Although Officer Herman also did not detect the smell of alcohol on Kincer, he believed, based on his experience, that Kincer was under the influence of prescribed drugs or illegal narcotics.
 {¶ 14} The totality of these facts and circumstances support the decision to place Kincer under arrest. We conclude that evidence existed, apart from the results of the field sobriety tests, to establish probable cause to arrest Kincer, so that the trial court properly overruled Kincer's motion to suppress evidence obtained from an unlawful arrest.
 {¶ 15} However, the trial court's denial of Kincer's motion to suppress the results of the field sobriety tests also had the effect of allowing the tests to be admitted as evidence of Kincer's intoxication — in other words, as evidence of guilt at his trial. "Homan
requires strict compliance with [NHTSA standards] . . . as a condition for admissibility of evidence of a defendant's performance in field sobriety tests when that evidence is offered as proof of intoxication."State v. Donovan, Clark App. No. 02CA0052, 2003-Ohio-1045, at ¶ 29.
 {¶ 16} It is undisputed that the field sobriety tests were not administered to Kincer in strict compliance with NHTSA standards and should not have been admissible as proof of Kincer's intoxication. Officer Emmons and Officer Herman were questioned extensively on the procedures they used to administer the field sobriety tests to Kincer. In his summation to the trial court on Kincer's motion to suppress, defense counsel argued for the suppression of the field sobriety tests due to specific actions of the police officers in administering the field sobriety tests to Kincer that were not in accordance with NHTSA standards. The State offered no evidence of what the applicable NHTSA standards were. The State now concedes that the field sobriety tests were not administered in strict compliance with NHTSA standards and should not have been admissible as proof of Kincer's intoxication.
 {¶ 17} Even though there is an independent basis to find probable cause for Kincer's arrest, we further conclude that the trial court's overruling of Kincer's motion to suppress the results of the field sobriety tests is error, because the findings of the field sobriety tests are inadmissible as evidence of Kincer's intoxication.
 {¶ 18} Kincer's sole Assignment of Error is sustained.
 III {¶ 19} Kincer's sole Assignment of Error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
GRADY and YOUNG, JJ., concur.